## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to:<br><br>**PLAINTIFF(S)**<br><br>**William Maculan**<br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.    Plaintiff, William Maculan, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.    Plaintiff, William Maculan, is a resident and citizen of the State of Illinois and claims damages as set forth below.

3.    ~~Plaintiff's Spouse,     none/na     , is a resident and citizen of the State of _____, and claims damages as set forth below.~~

4.    Jurisdiction is proper based upon diversity of Citizenship.

5.    Proper Venue: The District Court in which remand trial is proper and where

this Complaint would have been filed absent the direct filing order by this Court is

Illinois 19th Judicial Circuit Court, 18 North County Street, Waukegan, IL, 60085-4359.

      6.     Plaintiff brings this action *[check the applicable designation]*:

   X        On behalf of [himself/herself];

           In a representative capacity as the          of the

                                 having been duly  appointed as the

                    by the              Court of          .

           A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

           *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

      7.     On or about June 27, 2011 (left hip), and March 15, 2012 (right hip), Plaintiff underwent surgeries during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of [his/her] surgery at Advocate Lutheran General Hospital in Park Ridge, Illinois ,by Dr. Alexander Gordon.

      8.     Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgeries

resulted in Plaintiff developing periprosthetic joint infections ("PJI"), also known as a deep joint infections ("DJI").

9.    As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has undergone multiple surgical interventions/procedures to treat his subsequent infections/injuries.

**RIGHT HIP:** Mr. Maculan first underwent total right hip arthroplasty in February of 2009 at Skokie Hospital in Skokie, Illinois. On or about March 15, 2012, Mr. Maculan underwent a total right hip revision at Advocate Lutheran General Hospital in Park Ridge, Illinois under the direction of Dr. Alexander Gordon due to device failure of the original right hip implant. Mr. Maculan was first diagnosed with likely infection of his right hip on July 3, 2014, at which time Dr. Alexander Gordon removed the right hip arthroplasty revision that had been placed on March 15, 2012 and placed an antibiotic spacer. Culture taken from the right hip during the July 3, 2014 removal surgery confirmed a right hip deep joint infection positive for rare staphylococcus, coagulase negative. He underwent a course of intravenous antibiotics. On September 19, 2014, he underwent removal of right hip antibiotic spacer and reimplantation of total right hip replacement arthroplasty.

**LEFT HIP:** Mr. Maculan first underwent a total left hip arthroplasty on or about May 18, 2009 at Skokie Hospital in Skokie, Illinois. On or about June 27, 2011, Mr. Maculan underwent a left hip revision at Advocate Lutheran General Hospital in Park Ridge, Illinois under the direction of Dr. Alexander Gordon due to device failure of the original left hip implant. Cultures obtained on April 16 from fluid

aspiration from his left hip joint confirmed infection with rare actimomyces and

Staph hemolyticus. Subsequently, on April 21, 2015, Mr. Maculan underwent

explanation of the left hip arthroplasty and placement of antibiotic cement spacer

to treat the left hip prosthetic joint infection under the direction of Dr. Alexander

Gordon at Advocate Lutheran General Hospital. Operative cultures reveled

presence of very rare staphylococcus, coagulase negative, MRSA. Mr. Maculan

had the a total left hip arthroplasty placed again, and removal of the antibiotic

spacer in July of 2015 at Advocate Lutheran General Hospital. Mr. Maculan

continues to treat persistent infection to this day.

## ALLEGATIONS AS TO INJURIES

10.    (a)   Plaintiff claims damages as a result of (check all that are applicable):

 x                           INJURY TO HERSELF/HIMSELF

_____                      INJURY TO THE PERSON REPRESENTED

_____                      WRONGFUL DEATH

_____                      SURVIVORSHIP ACTION

 x                           ECONOMIC LOSS

(b)   Plaintiff's spouse claims damages as a result of (check all that are

applicable):   [*Cross out if not applicable.]*

~~_____              LOSS OF SERVICES~~

~~_____              LOSS OF CONSORTIUM~~

11.    Defendants, by their actions or inactions, proximately caused the injuries

to Plaintiff(s).

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

12.    The following claims and allegations are asserted by Plaintiff(s) and are

herein adopted by reference (check all that are applicable):

x                                             FIRST CAUSE OF ACTION - NEGLIGENCE;

x                                             SECOND CAUSE OF ACTION - STRICT LIABILITY;

                           x                   FAILURE TO WARN

                           x                DEFECTIVE DESIGN AND MANUFACTURE

x                                               FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF ILLINOIS, 810 ILCS §§ 2-314 et. seq.;

x                                           FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

x                                           SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

x                                           SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

x                                           EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

x                                           NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF ILLINOIS, 815 ILCS §§505, et. seq.;

x                                           TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

  x                          ELEVENTH CAUSE OF ACTION-
                                                FRAUDULENT MISREPRESENTATION;

x                           TWELFTH CAUSE OF ACTION –
                                                FRAUDULENT CONCEALMENT;

x                           THIRTEENTH CAUSE OF ACTION –
                                                LOSS OF CONSORTIUM; and

  x                          FOURTEENTH CAUSE OF ACTION –
                                                UNJUST ENRICHMENT.

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

Plaintiff reserves the right to amend his Complaint to include additional causes of action under applicable state law.

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s)

a trial by jury as to all claims in Complaint so triable.


Dated: August 25, 2022                          Respectfully submitted,


Melissa M. Heinlein (#0393119)

Lord + Heinlein Law Office

309 Clifton Avenue

Minneapolis, MN 55403

612-333-5673 (ph)

612-206-3344 (fax)

info@mnlordlaw.com (e-mail)